IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:08CR495-1 |
| | : | |
| MARCUS WAYNE COVINGTON | : | |

GOVERNMENT'S TRIAL BRIEF

NOW COMES the United States of America, by Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, through her assistant, Michael A. DeFranco, and submits the following:

**FACTS**

Marcus Wayne Covington is a multi-convicted felon, having been convicted in the Superior Court of Orange County, Hillsborough, North Carolina, on December 13, 2001, of possession of a firearm by a convicted felon; and in the Superior Court of Durham County, Durham, North Carolina, of robbery with a dangerous weapon and common law robbery on November 1, 2000. Therefore, it is a violation of federal law for Defendant Covington to possess a firearm.

At 6:45 p.m. on October 16, 2008, investigators with the Durham Police Department's H.E.A.T. Unit were conducting directed patrol in the high-crime area of Cornwallis Road Apartments. As Officer Shawn Bromell drove into the parking lot of 125 E. Cornwallis Road, he observed Defendant, Marcus Wayne Covington,

throw an object to the ground. Officer Bromell exited his patrol vehicle and approached on foot but Covington attempted to walk away. Officer Bromell stopped Covington, who immediately advised that he had a small amount of marijuana in his right hand. During a "pat down" of Covington's person, Officer Bromell located a handgun (Kimer .45 caliber pistol, model 45, serial number K002599) inside Covington's waistband. Officer Bromell noticed that Covington had loose rice inside his left back-pocket. Officer Reese Carson, who knew Covington personally, also observed the handgun on Covington's person. Covington was arrested and the handgun was seized as evidence.

Officer Bromell then retrieved the item that Covington had thrown to the ground. The item was a clear plastic bag containing approximately twenty smaller clear plastic bags containing what was later determined to be heroin, along with loose rice. In addition, Officer Bromell observed loose rice on the ground beneath the clear plastic bag. The substance found inside the small clear plastic bags was later submitted to the North Carolina State Bureau of Investigation for analysis and determined to be .5 grams of heroin.

Special Agent Timothy Graden, an Interstate Nexus Examiner with the Bureau of Alcohol, Tobacco, Firearms and Explosives, determined that the above-referenced firearm was manufactured outside the state of North Carolina and had, therefore, traveled

in or affected interstate commerce.

Covington later waived his <u>Miranda</u> rights and provided the following statement in his own writing: "I HAD DA GUN FOR MY PROTECTION" signed Marcus Covington; "I HAD DA DRUGS SO I CAN PAY BILLS" signed Marcus Covington. In addition, Covington advised the officers that he bought the gun for $100 from a "crack head" in Sanford named "Said."

## Offense Elements

**18, United States Code, Section 841(a)(1):**

*First:* That Defendant possessed a substance containing a detectable amount of heroin, the controlled substance described in the indictment;

*Second:* That Defendant knew this substance was a mixture and substance containing a detectable amount of heroin; and

*Third:* That Defendant intended to distribute this controlled substance.

**18, United States Code, Section 922(g)(1):**

*First*: That Defendant had previously been convicted of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

*Second*: That Defendant knowingly possessed a firearm.

*Third*: That Defendant's possession of the firearm was in and affecting interstate commerce; that is, that before Defendant possessed the firearm, it had traveled at some time from one state

3

to another.[1]

**18, United States Code, Section 924(c)(1):**

*First*: That the defendant committed the crime of possession with intent to distribute heroin, which is a drug trafficking offense;

*Second*: the defendant possessed a firearm in furtherance of this crime.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense. Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to[2]:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

---

[1] United States v. Gilbert, 430 F.3d 215, 218 ((4th Cir. 2005) citing United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

[2] See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

4

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

When making this factual determination, the fact finder is free to consider the numerous ways in which a firearm might further or advance the drug trafficking. For example, a gun could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted. Additionally, a gun might enable a drug trafficker to ensure that he collects during the drug deal. And a gun could serve as protection in the event that a deal turns sour. Or it might prevent a transaction from turning sour in the first place. Id.

## Stipulations

It is anticipated that the parties will reach a stipulation as to the defendant's prior felony conviction.

## Evidence

In its case-in-chief, the United States intends to offer the testimony of Officers Bromell and Carson as fact witnesses. Further, in the event stipulations cannot be reached regarding the heroin and interstate nexus of the firearm, the United States intends to offer the expert testimony of forensic chemist Amanda

5

C. Howell of the North Carolina State Bureau of Investigation and Timothy Graden, an Interstate Nexus Examiner with the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding the heroin and firearm, respectively.  Finally, the United States has been contacted by at least two federal inmates who have advised that Defendant has made admissions to them regarding the instant offense.  The United States may call these individuals as witnesses.

## CONCLUSION

The United States respectfully submits that it has identified no other issues which may arise at trial.  The United States anticipates trial time of approximately two days.

This the 30th day of April, 2009.

>
> Respectfully submitted,
>
> ANNA MILLS WAGONER
> United States Attorney
>
>
> /S/ MICHAEL A. DeFRANCO
> Assistant United States Attorney
> NCSB # 23072
> United States Attorney's Office
> Middle District of North Carolina
> P.O. Box 1858
> Greensboro, NC  27402
> Phone:  336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      :
                              :
          v.                  :    1:08CR495-1
                              :
MARCUS WAYNE COVINGTON        :

CERTIFICATE OF SERVICE

    I hereby certify that on April 30, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Chris Shella, Attorney

    /S/ MICHAEL A. DeFRANCO
    Assistant United States Attorney
    NCSB #23072
    United States Attorney's Office
    Middle District of North Carolina
    P.O. Box 1858
    Greensboro, NC  27402
    Phone:  336/333-5351
    Email: mike.defranco@usdoj.gov