IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARCUS WAYNE COVINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV322 |
| v. | ) | 1:08CR495-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before this court for review of the Recommendation ("Recommendation") filed on December 1, 2014, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 65.) In the Recommendation, the Magistrate Judge recommends that Petitioner's motion to vacate, set aside, or correct sentence (Doc. 49) be denied and that this action be dismissed. The Recommendation was served on the parties to this action on December 1, 2014. Petitioner filed timely objections to the Recommendation. (See Petitioner's Objections (Doc. 67); Attach. (Doc. 67-1).)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. In so finding, this court has reviewed Petitioner's objections but found that they do not have merit. This court adopts the Magistrate Judge's Recommendation in full, but would like to elaborate on three issues raised in Plaintiff's objections: (1) alleged ineffective assistance of counsel where counsel did not object to inconsistent statements regarding position of firearm, (2) typographical error in date on state court warrant and Plaintiff's allegations stemming from this error, and (3) alleged ineffective assistance of counsel where counsel failed to subpoena the state magistrate. Generally, to prove ineffective assistance of counsel, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys and (2) that he was prejudiced by this performance. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Petitioner fails to provide evidence of either prong.

With regard to any conflicts in the officers' testimony regarding the location of Petitioner's firearm, the decision of Petitioner's attorney not to question the officers further was within his sound discretion as trial attorney. Choosing not to object to or impeach using such minor inconsistencies in a witness's testimony is a sound strategic judgment that counsel could have properly made. Furthermore, Petitioner has given no reason why this strategic decision suggests ineffective counsel in this case. Moreover, as the Magistrate Judge addressed in the Recommendation, Petitioner potentially could have been harmed by the resolution of any inconsistency during his counsel's cross-examination of the witnesses. (Recommendation (Doc. 65) at 9.) The jury heard the testimony of both officers and was free to give that testimony any weight it felt the testimony warranted. Here, Petitioner possibly gained from the unexplained inconsistencies in testimony as the jury may have found the witnesses less credible based on those unexplained inconsistencies.

With regard to the typographical error in one of the three warrants issued by the Durham County magistrate, there is nothing in the record showing that this mistake was anything but a typographical error. Petitioner's assertions that the warrants were "fraudulent" and any claims of ineffective assistant of

counsel stemming from failure to object to evidence recovered based on "fraudulent" warrants is without basis. The warrants were not "fraudulent" – they simply contained a typographical error. Petitioner has failed to show such error prejudiced the subsequent proceedings in any way.

Related to the warrants, Petitioner also claims that this court's voir dire of Officer Bromell regarding the warrants demonstrated this court's partiality toward one side, in violation of Petitioner's constitutional right to an impartial judge in his case. (Petitioner's Mem. of Facts and Law (Doc. 50) at 13.) Petitioner is correct in asserting that a judge's questioning of a witness can potentially lead to a judge needing to recuse himself. However, Petitioner confuses how such a circumstance may arise. In the present action, this court questioned the witness regarding the state court warrants outside the presence of the jury. (Trial Tr. May 12, 2009 (Doc. 41) at 52-57.) Such a discussion can happen in front of the jury, and it is such questioning in the presence of the jury that can potentially require a judge to recuse himself because such questioning may cause the jury to see the judge as partial to one side. Here, erring on the side of caution, this court inquired about the warrants outside of the presence of the jury, so as not to give any indication to the jury of any possible

apprehension on the part of this court regarding any witness or evidence.[1] The jury did not witness any of this questioning, and Petitioner has offered no reason why the jury may have been improperly influenced by this court. Further, there is nothing in the record to indicate that this court acted with partiality at any point during any part of Petitioner's case.

Petitioner also asserts that his trial counsel was ineffective for failing to subpoena the state magistrate that issued warrants naming Petitioner. (Petitioner's Objections (Doc. 67) at 4.) Assuming this is a new claim, it is entirely lacking in merit and will be denied. Petitioner fails to assert any meaningful reason why counsel should have subpoenaed the magistrate, and fails further to address in any meaningful way how Petitioner was prejudiced by counsel's alleged failure. At best, Petitioner has simply made an additional vague, conclusory, and unsupported claim of ineffective assistance of counsel which lacks any merit. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (concluding that in order to obtain an evidentiary hearing a habeas petitioner must come forward

---

[1] "Only where there is grave doubt as to the admissibility of the witness' testimony would it be necessary to consider whether a hearing on the preliminary question of competency should be held outside the presence of the jury, and . . . this determination lies largely within the discretion of the trial court." United States v. Peele, 574 F.2d 489, 491 (9th Cir. 1978).

with some evidence that the claim might have merit), <u>abrog'n on other grounds recog'd</u>, <u>Yeatts v. Angelone</u>, 166 F.3d 255 (4th Cir. 1999). Petitioner has not shown any grounds for this court to grant his § 2255 motion (Doc. 49), and therefore, this court will adopt the Recommendation (Doc. 65).

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 65) is **ADOPTED**. **IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence (Doc. 49) is **DENIED** and that this action is **DISMISSED WITH PREJUDICE**. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 31st day of March, 2015.

/s/ William L. Osteen, Jr.
_____
United States District Judge